GUZMÁN, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Humacao Denying Admission to Record of a Supplementary Mortgage.

No. 205.—Decided December 4, 1914.

MORTGAGE—SUPPLEMENTARY MORTGAGE.—Articles 121 of the Mortgage Law and 166 of its Regulations and section 1 of an Act relating to judgments and the manner of satisfying them, approved March 9, 1905, do not prohibit the creation of a supplementary mortgage on other properties than the one mortgaged to be effective in case the principal mortgage should fail to cover the total amount of the debt.

ID. — SUPPLEMENTARY MORTGAGE — ILLICIT CONSIDERATION — RIGHT TO CONTRACT FREELY.—The creation of a supplementary mortgage on other properties than that principally mortgaged, to be effective in case the principal mortgage should not cover the total amount of the debt, is not based on an illicit con-

sideration within the meaning of section 1242 of the Civil Code, for it is not contrary to law or good morals; and this being the case, the right to contract freely cannot be limited by. restricting the privilege of a creditor to secure his interests in the manner most preferable to him.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

Mr. Miguel Planellas, the registrar, appeared by brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 268 executed December 22, 1913, before Notary Francisco González Fagundo in the city of Humacao, Fernando López and his wife, Rafaela Rodríguez, acknowledged that they owed Julio D. Guzmán Toro the sum of $800, which they had received from him as a loan and which they agreed to repay within the period of one year, with interest at 1 per cent monthly, payable at the end of each month; and in order to secure the payment of the loan, the interest, and a further sum of $200 for expenses, disbursements, and fees of the creditor's attorney in case of foreclosure, the debtors created a mortgage on a town property described in said deed under letter *a,* and a supplementary mortgage on three rural properties, likewise described under letters *b, c,* and *d,* the amount or part of the charge to be borne by each of the four properties being set out in the second clause, which reads as follows:

"Second. The parties agree that the town property including its lot shall respond for the loan of $800, for $96 interest, and for $200 as costs, disbursements, and fees of the attorney for the mortgage creditor in case of foreclosure, and that the rural properties described under letters *b, c,* and *d* shall serve as collateral security to respond in like manner for the same amounts in case the town property should be inadequate to cover the amount of the mortgage with interest and costs, this charge to be distributed among the said properties as follows: Property *b* shall secure the payment of the $200 for costs and $96 for interest, and the remaining two properties shall each secure $400 of the loan."

The said deed having been presented in the Registry of Property of Humacao for admission to record of the mortgage created on the rural properties, the registrar refused to record the same for the reasons stated in the following decision:

"This deed being presented anew for the purpose of recording only the supplementary mortgage created on the rural properties described under letters *b*, *c*, and *d* as a collateral security, is refused admission to record for the reason that the said contract is understood to be included among those which, pursuant to section 1242 of the Civil Code, have no effect because its consideration is illicit. In lieu thereof a cautionary notice of such refusal has been entered for 120 days in accordance with the law, on pages 103, 57 (over), and 150 (over) of volumes 8, 9, and 15 of Las Piedras, properties numbers 448, 399, and 176, duplicate, entries letters A, respectively. Humacao, September 24, 1914. Miguel Planellas, Registrar of Property."

The foregoing decision is brought before us for consideration by virtue of an administrative appeal taken within the time fixed by law.

Section 1242 of the Civil Code, on which the decision appealed from is based, reads as follows:

Section 1242.—Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals."

Although the registrar does not explain in his decision why the consideration of the contract in question is illicit, he does so in his brief by asserting that whereas, according to the decision of this court in the case of *Ortiz* v. *The Registrar*, 16 P. R. R., 643, the debtor cannot agree that where several properties are mortgaged to respond for a debt each one of the properties shall be bound to secure the whole amount of the mortgage debt, so when one property is mortgaged no supplementary liens can be created on other properties to secure the same credit. In support of his decision

he also cites article 121 of the Mortgage Law, article 166 of the Regulations for its execution, and section 1 of the Act relating to judgments and the manner of satisfying them, approved March 9, 1905.

The case cited by the registrar is not similar to the one under consideration, for in that case admission to record was denied because the mortgage was created on different properties to secure the same obligation, without specifying the amount for which each property should respond; therefore the provisions of article 119 of the Mortgage Law and article 164 of its Regulations were applied, while the present case is of a principal mortgage on an urban property and another subsidiary or supplementary mortgage on three rural properties, the amount to be secured by each of said properties being specified.

Articles 121 of the Mortgage Law and 166 of its Regulations, and section 1 of the Act relating to judgments and the manner of satisfying them, provide for cases where the mortgage created becomes insufficient to satisfy the whole amount of the credit, but do not prohibit the creation of a subsidiary mortgage on other properties than the one mortgaged in anticipation that the first may be insufficient to satisfy the whole amount of the mortgage.

It is true that the distinguished commentators on the Mortgage Law, Galindo and Escosura, are of the opinion that a subsidiary mortgage is inconsistent with both the spirit and the strict letter of the Mortgage Law.

We find nothing in the said law which prohibits the creation of a subsidiary mortgage such as the one under consideration, and in the absence of such prohibition we are not authorized to limit the principle of freedom in contracting by restricting the right of a creditor to secure his interests in such manner as he may deem best. The supplementary mortgage whose admission to record has been denied is not contrary to law or good morals and, therefore, does not rest upon an illicit consideration.

For the foregoing reasons the decision appealed from should be reversed.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.